# RUDOLPH SPRECKELS *v.* THE PAAUHAU PLANTATION COMPANY.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED MARCH 16, 1896.                    DECIDED APRIL 7, 1896.

JUDD, C.J., FREAR, AND WHITING JJ.

A corporation declared a dividend of one dollar per share per month, the first payable on the 3d February.

Held, the true relation between the corporation and the stockholder in respect to the declared dividend is that of debtor and creditor, and the stockholder has on demand and refusal an action at law to recover it. It is only in a limited sense that the corporation is a trustee for the stockholder in respect to such dividend.

The assertion by the corporation that a third party claims the dividend is no ground for interference of equity.

The bill not alleging that equity should take jurisdiction to avoid a multiplicity of suits, the court does not consider the question.

Possible depreciation of the value of the stock on account of withholding the dividends accruing is not ground for equity.

*Le Roy v. The Globe Ins. Co.* and *Beers v. Bridgeport Spring Co.* distinguished.

Demurrer sustained on the ground that plaintiff has a plain, adequate and complete remedy at law.

OPINION OF THE COURT BY JUDD, C.J.

This is the defendant's appeal from a decree of Circuit Judge Perry overruling a demurrer to the bill.

We adopt the following abstract of the bill from the decision appealed from:

The bill alleges that the defendant is a Hawaiian corporation; that Claus Spreckels, of San Francisco, Cal., is its vice-president; that complainant is the owner of five thousand shares, being one-half of the capital stock of said company; that in a suit recently brought by said Claus Spreckels against the complainant in California, an injunction issued against the complainant's receiving dividends thereon has since been dissolved; that the defendant has recently declared a dividend of one dollar per share per month, the first of such dividends payable February 3d last; that, after demand, the directors of the defendant corporation refuse to pay to complainant his share of the dividends, on the ground that Claus Spreckels has protested against such payment, unless complainant shall furnish a bond of indemnity to the company, and announce their intention of placing the dividends in question on special deposit in the bank of Claus Spreckels & Co., of which said Claus Spreckels is one of the members; and that the retention of such dividend will materially affect the value of complainant's shares for purposes of sale, and cause to him loss which would be incapable of exact ascertainment.

The prayer is that defendant be declared a trustee to the use of the complainant of all such dividends now and henceforth payable, and be enjoined from paying any of said dividends into said bank.

The sole question for us is whether the plaintiff has a plain, complete and adequate remedy at law.

The nature of the fund which the plaintiff asks the court to compel the defendant corporation to pay is well defined in the case of *Ford v. Easthampton Rubber Thread Co.*, 158 Mass. 86 (1893), where the Court say: "It seems to be well settled that when a dividend has been fully declared the corporation thereby manifests its intention that the amount of dividend should be considered as having been separated from the other property of the corporation, and as having become the individual property of the stockholders; and that, therefore, when the dividend becomes payable according to the terms of the vote declaring it, each stockholder has a right to demand payment of the propor-

tional part of the dividend which belongs to his shares of stock, and to sue the corporation for it if it is not paid on demand." This view is abundantly sustained by text writers and cases. Morawetz, Corp., Secs. 235, 450, 451; Cook, Stock and Stockholders, Sec. 545; *Wheeler v. Northwestern Sleigh Co.*, 39 Fed. Reporter 348; *King v. Paterson & H. R. R. R. Co.*, 29 N. J. L. 82 and 504.

The plaintiff does not dispute that he has a remedy by action at law against the corporation, but claims that he is entitled to relief in equity on several grounds. Among them is that the remedy at law is not ample, because the retention of the dividends by the corporation causes irreparable injury to plaintiff by injuriously affecting the value of the stock for the purposes of sale. Any withholding of money due which is the product of property may be said to affect the value of the property. The non-payment of interest on a note affects its value; the delaying to pay rent in one sense lessens the present value of the land to the owner; but these circumstances do not give equity jurisdiction to compel payment of the amount of the note or the rents of the land. We do not find that this is sufficient to take the case out of the jurisdiction of law.

The alleged ground of withholding this dividend is that a third party claims it. This is not of itself a basis for interference in equity.

Another ground for the intervention of equity urged by plaintiff is that there is a trust involved. It is claimed that the dividend declared and set off by the corporation from its other assets becomes a trust fund over which equity has supervision to prevent a misapplication, and that the declared intention of the corporation to place the dividend in the hands of a bank in which the third party claiming the dividend has an interest would be a misapplication of a trust fund. It is not necessary to draw the inference, from the defendant's intention to place the money in a bank, that this would be a misapplication of a trust fund. The object of the defendant may as well be to completely sever and individualize this dividend from the other assets of the corpora-

tion, and to fix more clearly its character as the property of whoever is the legal owner of the stock.

The bill does not state that the bank in which the deposit is proposed to be made is under the control of Claus Spreckels, the alleged claimant of the stock, and that it would thus be more accessible to him. The defendant corporation or the bank would be suable by the plaintiff for the dividend at the option of the plaintiff. In *King v. Paterson, supra,* this is discussed and the court holds that though in a limited sense every deposit held to be paid by another is a trust, the true relation between the stockholder and the corporation holding the declared dividend is that of creditor and debtor. In this case the dividend had been deposited by the corporation in a trust company which had failed, and on the stockholder suing the corporation the court said: "The debtor has no right without the consent of the creditor, express or implied, to intrust a third party with the fund for the purpose of payment," and the corporation was held responsible in a suit at law.

Another ground claimed to support the bill is that it will prevent a multiplicity of suits, the bill alleging that a monthly dividend of one per cent. has been declared, and if these are withheld the plaintiff would be driven to bring a fresh suit for each dividend. There is no allegation in the bill upon which to found this argument, and we do not consider it, except to say that it is very doubtful if equity would decree in this case that all subsequent dividends should be paid to the plaintiff. The plaintiff might meanwhile dispose of his shares, or the financial circumstances of the defendant corporation might be materially altered.

Two cases are cited by counsel for plaintiff, and they are constantly referred to by text writers and in subsequent decisions to support the proposition of the bill that equity will enforce payment of a dividend unjustly withheld. These are *Le Roy v. The Globe Insurance Co.,* 2 Edwards Chancery R. 656, and *Beers v. Bridgeport Spring Co.,* 42 Conn. 17. In neither of these cases was the jurisdiction of equity questioned. In the first case a dividend had been declared by the defendant cor-

poration and checks on a bank had been filled for each stock-holder's dividend. Four-fifths of the checks had been called for when a great fire rendered the corporation insolvent, and its affairs went into the hands of receivers, and the question raised by the bill of the stockholder who had not taken his check was whether the dividend had been set apart, notwithstanding the insolvency of the company and the passing of their affairs into receivers' hands, or whether it fell back into the general property of the company. Another question was involved in this case; a building of the stockholder plaintiff was insured by the company; the company, being insolvent, offered to cancel the policy, and the receivers being doubtful of their authority to return any portion of the premium without the direction of the court, cancelled the policy with reservation of the plaintiff's right to claim and receive the unearned portion of the premium. We find, as was stated in *King v. Paterson and H. R. R. R. Co. (supra,* p. 506) that the case "does not clearly define the precise character of the relation between the stockholder and the corporation in respect to the dividend," but suggests as a possible explanation of the assumption of the jurisdiction of equity that the case was perhaps brought under the statutes authorizing the appointment of receivers of insolvent corporations to ascertain to what purpose the fund should be applied.

In the second case, 42 Conn. 17, a dividend had been declared, made payable at such times as might be directed by the board, but the corporation had invested these funds in improvements. Jurisdiction in equity was assumed because no time had been fixed at which the dividends were to be paid; and the court held that the corporation had no right to transfer to surplus account the dividends to the credit of the stockholder. Here was a clear case of the misapplication of the dividend.

In the case before us the clear right of the plaintiff to the dividend is shown without any valid defense for not paying it. The non-existence of a legal defense does not of itself give equity jurisdiction. Other cases are referred to by plaintiff's counsel where equity is applied to compel corporations to issue

certificates of stock to the rightful owners and to compel them to pay dividends to the same. *Pratt v. R. R. Co.*, 126 Mass. 444; *Sewell v. Boston Water Power Co.*, 4 Allen 282; *Telegraph Co. v. Davenport*, 97 U. S. 369. Equity having jurisdiction to compel the issue of certificates of stock, it would follow that it would compel the payment of the accrued dividends, and a resort to law would not be necessary.

Being unable to distinguish the case before us from any other case between any other creditor and debtor for money had and received, where the debtor declines to pay because a third person claims the sum, we hold that a plain and adequate remedy at law is available to the plaintiff, and are therefore compelled to sustain the demurrer.

Decree accordingly.

*Hartwell, Thurston & Stanley,* for plaintiff.

*W. A. Kinney* and *S. M. Ballou,* for defendant.